Eastern District of Kentucky
**F I L E D**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**JUN 0 4 2018**

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. *5:18-CR-59-DCR*

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**


**V.**                                    **PLEA AGREEMENT**


**ERIC CHRISTOPHER CONN**                                        **DEFENDANT**

\*    \*    \*    \*    \*

1.    Pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c), ERIC

CHRISTOPHER CONN (hereinafter "the Defendant") will enter a plea of guilty to Counts

1, 2, and 3 of the Information, each charging a violation of 18 U.S.C. § 371, specifically,

Conspiracy to Defraud the United States, Conspiracy to Escape, and Conspiracy to

Retaliate against a Witness, Victim, or Informant. Pursuant to Rule 11(c)(1)(A) and this

agreement, the United States will move at sentencing to dismiss Counts 1 through 18 of

the Indictment in *United States v. Eric Christopher Conn, et al.*, Lexington Criminal Action

No. 16-CR-22, as to the Defendant, and Counts 1, 2, 4, and 5 of the Indictment in *United*

*States v. Eric Christopher Conn, et al.*, Lexington Criminal Action No. 17-CR-104, as to

the Defendant.

2.    The United States and the Defendant agree that the essential elements of

Count 1 are:

> (a) That two or more persons conspired, or agreed, to defraud the
> United States, or one of its agencies or departments, by dishonest

means;

(b) That the defendant knowingly and voluntarily joined the conspiracy; and

(c) That a member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

The United States and the Defendant agree that the essential elements of Count 2 are:

(a) That two or more persons conspired, or agreed, to commit the crime of escape;

(b) That the defendant knowingly and voluntarily joined the conspiracy; and

(c) That a member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

The United States and the Defendant agree that the essential elements of Count 3 are:

(a) That two or more persons conspired, or agreed, to commit the crime of retaliating against a witness or informant;

(b) That the defendant knowingly and voluntarily joined the conspiracy; and

(c) That a member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

3.     The Defendant agrees that the United States would prove the facts described in Attachment A enclosed with this Plea Agreement beyond a reasonable doubt at trial. The Defendant further agrees that these facts fairly and accurately describe the Defendant's actions and involvement in the offenses for which he was charged, and to which he is pleading guilty, and establish the essential elements of these offenses beyond a reasonable

2

doubt. The Defendant understands the nature and elements of the crimes to which guilt is admitted and agrees that the factual statement in support of the guilty plea the Defendant has signed is true and will be submitted as evidence in this case. The Defendant further understands that the factual statement in support of the guilty plea the Defendant has signed may be received into evidence in any litigation involving the United States and the Defendant. The Defendant hereby waives any defense based on any applicable statutes of limitations and agrees that the Indictments in *United States v. Eric Christopher Conn, et al.,* Lexington Criminal Action No. 16-CR-22 and *United States v. Eric Christopher Conn, et al.,* Lexington Criminal Action No. 17-CR-104, as well as the Information, are timely for all purposes.

4. The Defendant understands that each violation of 18 U.S.C. § 371 carries a maximum sentence of not more than 5 years of imprisonment; a term of supervised release of not more than three years; and a fine of not more than $250,000 or twice the pecuniary gain or loss from the offense, pursuant to 18 U.S.C. § 3571(d).

5. The Defendant agrees and recommends that the statutory maximum terms of imprisonment as to each count of the Information be imposed and run consecutive to one another for a total of 15 years' imprisonment, and such sentence should run consecutive to the 12 year sentence previously imposed in *United States v. Eric Christopher Conn,* Lexington Criminal Action No. 17-CR-43. In addition, the Defendant agrees to pay a mandatory special assessment of $300 and the Defendant will pay this assessment by

3

cashier's check or money order to the U.S. District Court Clerk at the time of the entry of the guilty plea.

      6.     Pursuant to Rule 11(c)(1)(B), the United States and the Defendant agree upon and recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court. As to Count 1 of the Information:

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2016, manual, will determine the Defendant's guidelines range and U.S.S.G. §2C1.1 is the appropriate guidelines provision for this offense.

    (b) Pursuant to U.S.S.G. §1B1.3, the Defendant's relevant conduct includes the facts set forth in Attachment A enclosed with this agreement.

    (c) Pursuant to U.S.S.G. §2C1.1(a)(2), the base offense level is **12**.

    (d) Pursuant to U.S.S.G. §2C1.1(b)(1), increase the offense level by **2** for offering more than one bribe.

    (e) Pursuant to U.S.S.G. §2C1.1(b)(2) and §2B1.1(b)(1)(P), increase the offense level by **30** for loss to the government totaling more than $550,000,000.

    (f) Pursuant to U.S.S.G. §2C1.1(b)(3), increase the offense level by **4** as the offense involved a public official in a high-level decision-making position.

    (g) Pursuant to U.S.S.G. §3B1.1(a), increase the offense level by **4** for organizing or leading a criminal activity involving five or more participants.

    (h) Pursuant to U.S.S.G. §3B1.3, increase the offense level by **2** for abusing a position of trust and use of a special skill.

    (i) Pursuant to U.S.S.G. §3C1.1, increase the offense level by **2** for obstructing justice.

As to Count 2 of the Information:

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2016, manual, will determine the Defendant's guidelines range and U.S.S.G. §2X1.1 is the appropriate guidelines provision for this offense.

    (b) Pursuant to U.S.S.G. §1B1.3, the Defendant's relevant conduct includes the facts set forth in Attachment A enclosed with this agreement.

    (c) Pursuant to U.S.S.G. §2X1.1(a) and §2P1.1(a)(1), the base offense level is **13**.

    (d) Pursuant to U.S.S.G. §3B1.1(c), increase the offense level by **2** for organizing or leading any criminal activity.

    (e) Pursuant to U.S.S.G. §3C1.1, increase the offense level by **2** for obstructing justice.

As to Count 3 of the Information:

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2016, manual, will determine the Defendant's guidelines range and U.S.S.G. §2X1.1 is the appropriate guidelines provision for this offense.

    (b) Pursuant to U.S.S.G. §1B1.3, the Defendant's relevant conduct includes the facts set forth in Attachment A enclosed with this agreement.

    (c) Pursuant to U.S.S.G. §2X1.1(a) and §2J1.2(a), the base offense level is **14**.

    (d) Pursuant to U.S.S.G. §3B1.1(a), increase the offense level by **4** for organizing or leading a criminal activity involving five or more participants.

    (e) Pursuant to U.S.S.G. §3A1.2(a)(1)(A) and (2), increase the offense level by **3** for a government employee victim where the offense of conviction was motivated by such status.

Additionally:

    (a) Pursuant to U.S.S.G. §5E1.1, restitution in the amount of $72,574,609, which reflects the actual fraud loss to the Social Security Administration,

as calculated by the government as of March 9, 2018, as a result of the violation of 18 U.S.C. § 371 (Count 1). The restitution will be paid to the Commissioner of the Social Security Administration, as the victim, at the following address: Social Security Administration, Debt Management Section, ATTN: Court Refund, P.O. Box 2861, Philadelphia, PA 19122.

7.     No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8.     The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. §3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9.     The Defendant waives the right to appeal the guilty pleas, convictions, sentence, fine, or order of restitution in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the statutory maximum. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty pleas, convictions, and sentence, or any other order issued in this matter.

10.     Should the Defendant request to be placed in a Bureau of Prisons medical facility suited to address the Defendant's medical needs, the United States agrees to not oppose any such request, provided the Defendant delivers competent medical records to the United States or the United States Probation Office, by the time such request is made.

11.     The Defendant understands that the Court has an obligation to determine whether, and in what amount, restitution applies in this case under 18 U.S.C. § 3663 and 18 U.S.C. § 3663A, which may be in addition to the restitution amount agreed-upon above. The Defendant agrees that this may include restitution for all losses caused by the Defendant's criminal conduct, including any restitution ordered to SSA Employee A, as described in Attachment A to this plea agreement. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

12.     The Defendant agrees that the forfeiture provisions contained in the plea agreement entered into with the Defendant in *United States v. Eric Christopher Conn*, Lexington Criminal Action No. 17-CR-43, Docket No. 9, paragraphs 8, 11–15, remain in full force and affect.

13.     The Defendant agrees to cooperate fully with the United States Department of Justice by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a United States Department of Justice Form OBD-500 financial disclosure affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may

7

include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Department of Justice. If the Defendant is incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14.     The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the

8

Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

15. If the Defendant violates any part of this Agreement, fails to appear for any subsequent court proceeding in this case, or if the guilty plea pursuant to this Agreement or conviction is vacated or withdrawn, the United States may void this Agreement, proceed on all original charges, and/or seek an indictment for any other violations of federal laws, and the Defendant waives any right to challenge the continuation of the current or initiation of additional federal charges. In such event, the Defendant waives any objections based upon delay in prosecution. The Defendant further agrees that in any such event, his factual statements in support of the guilty plea will be admissible as evidence in all judicial proceedings.

16. If the Defendant abides by the terms of this Agreement, the Fraud and Money Laundering and Asset Recovery Sections of the Criminal Division of the United States Department of Justice agree not to prosecute the Defendant for any additional criminal charges based upon the conduct underlying and related to the Defendant's pleas of guilty in this case.

17. This Agreement does not bind any federal, state, or local prosecuting authority other than the United States Department of Justice, Criminal Division, Fraud and Money Laundering and Asset Recovery Sections. Nothing in this Agreement shall be construed to release the Defendant from possible related or consequential civil liability to

9

any individual, legal entity, or the United States, nor does this Agreement provide any limitation or release from liability arising out of any acts of violence.

18.     The Defendant understands and acknowledges that as a result of this plea, pursuant to 42 U.S.C. § 1320b-6(a)(2), the Defendant will be excluded from participating in all Social Security programs as a representative or health care provider. The Defendant waives the right to notice, hearing and judicial review, and agrees not to seek termination of this exclusion. The Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the Social Security Administration, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the Defendant's right to apply for and receive benefits as a beneficiary under any Social Security Program.

19.     This document, Attachment A enclosed with this document, and the sealed supplement contain the complete and only Plea Agreement between the United States and the Defendant. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. References in this document to "Agreement" or "Plea Agreement" refer to both this document, Attachment A, and the sealed supplement. The United States has not made any other promises or representations to, or understandings or agreements with, the Defendant.

20.     The Defendant has thoroughly reviewed all legal and factual aspects of this case with the Defendant's attorney and is fully satisfied with the legal representation provided by the Defendant's attorney. The Defendant has received satisfactory

10

explanations from the Defendant's attorney concerning each paragraph of this Plea Agreement, each of the Defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the Defendant concedes guilt and has concluded that it is in the Defendant's best interest to enter this Agreement rather than proceeding to trial. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary and is not the result of force, threats, or promises other than those set forth in this Agreement.

JOHN P. CRONAN
ACTING ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION
ATTORNEY FOR THE GOVERNMENT

Date: 6/4/2018                    By: _____
                                      Dustin M. Davis
                                      Trial Attorney

Date: 6/4/18                      By: _____
                                      Ann Marie Blaylock
                                      Trial Attorney

Date: June 4, 18                  _____
                                  ERIC CHRISTOPHER CONN
                                  DEFENDANT

Date: June 4, 2018                _____
                                  WILLIS G. COFFEY
                                  ATTORNEY FOR DEFENDANT

11