# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CRIMINAL ACTION NO. 5:18-CR-59-DCR**

**UNITED STATES OF AMERICA**                           **PLAINTIFF**

**V.**        **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

**ERIC CHRISTOPHER CONN**                              **DEFENDANT**

\* \* \* \* \*

The United States, through undersigned counsel, hereby submits this Sentencing Memorandum to address Eric Christopher Conn's ("Defendant") sole objection to the Presentence Investigation Report ("PSR"), initially submitted to the United States Probation Office on August 13, 2018, and subsequently submitted to the Court on August 26, 2018, via sentencing memorandum, wherein he argues that he should receive a three-level reduction for acceptance of responsibility ("Objection"). Although Defendant's Objection does not ultimately impact Defendant's advisory guideline sentencing range,[1] and despite the Court not needing to resolve the objection as the resolution of the objection likely will not affect Defendant's sentencing,[2] the United States submits that because the

---

[1] As discussed in more detail herein, without or without a reduction for acceptance of responsibility, Defendant's advisory guideline sentencing range exceeds the statutory maximum sentence, and pursuant to United States Sentencing Guideline Section 5G1.1(a), Defendant's statutory maximum sentence becomes the guideline range, thus, Defendant's advisory guideline sentencing range is 180 months' imprisonment.

[2] As provided by Federal Rule of Criminal Procedure 32(i)(3)(B), at sentencing, a district court must rule on any objection to the PSR or "determine that a ruling is unnecessary either because

PSR, as revised by the United States Probation Office on August 28, 2018, accurately calculates Defendant's advisory guideline sentencing range and appropriately excludes an acceptance of responsibility reduction, the Court should overrule Defendant's Objection. In support thereof, the United States avers:

## I. ADVISORY GUIDELINE COMPUTATION

### A. Information

On June 4, 2018, pursuant to a plea agreement with the United States, Defendant pleaded guilty to a three-count information charging him with conspiracy to defraud the United States ("Count 1"), conspiracy to escape from custody ("Count 2"), and conspiracy to retaliate against an informant ("Count 3"), each being a violation of Title 18, United States Code, Section 371 ("June 2018 Information") [ECF Nos. 4, 5 and 7].[3] Counts 1 through 3 of the June 2018 Information, each, carry a maximum possible sentence of five years' imprisonment, totaling fifteen years, or 180 months' imprisonment. 18 U.S.C. § 371. The parties agreed to the recommendation that the maximum possible sentence for each count be imposed and that Counts 1 through 3 be run consecutively to one another, and consecutive to the twelve years' imprisonment imposed on the March 2017 Information.

---

the matter will not affect sentencing, or because the court will not consider the matter in sentencing." *See United States v. Darwich*, 337 F.3d 645, 666 (6th Cir. 2003) ("The [ ] rule makes clear that controverted matters at sentencing only require a ruling if the disputed matter will affect the eventual sentence.") (citing Fed.R.Cr.P. 32(i)(3)).

[3] Prior to the June 2018 Information, Defendant was indicted in April 2016, in case 5:16-CR-22-DCR, with eighteen felony violations, including conspiracy to commit mail fraud and wire fraud and conspiracy to retaliate against an informant ("April 2016 Indictment"), and in September 2017, in case 5:17-CR-102-DCR, with four felony violations, including conspiracy to escape and conspiracy to fail to appear ("September 2017 Indictment").

### B. Offense Level Computation

As the offense level computations for Counts 2 and 3 are subsumed within the computation for Count 1, only the computation for Count 1 will be addressed. As per United States Sentencing Guideline ("U.S.S.G.") Section 2C1.1(a)(2), the base offense level for Count 1 is **12** [PSR ¶ 65]. With the inclusion of specific offense characteristics enhancements, including plus **30** for loss to the government exceeding $550,000,000 [PSR ¶ 67], and other role enhancements, including plus **2** for obstructing justice [PSR ¶ 72][4] and plus **4** for an aggravating role adjustment [PSR ¶ 70], Defendant's adjusted offense level, after grouping, is **59** [PSR ¶¶ 73, 86, and 87]. As objected to by Defendant, Defendant did not receive a three-level reduction for acceptance of responsibility [PSR ¶ 89].

### C. Advisory Guideline Sentencing Range

With a Criminal History Category of **II**, and in applying Chapter 5, Part A,[5] Defendant's total offense level is calculated at **43** [PSR ¶ 90], yielding an advisory guideline sentencing range of **Life**. However, pursuant to Section 5G1.1(a) ("[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline

---

[4] It should be noted that although the computations associated with Counts 2 and 3 were subsumed by Count 1, Defendant was also assessed, for Count 2 (conspiracy to escape), a plus **2** for obstructing justice, pursuant to Section 3C1.1 [PSR ¶ 78]. And although Defendant was not assessed an obstruction enhancement for Count 3 (conspiracy to retaliate against an informant), as detailed herein, Defendant arguably obstructed justice, as defined in Section 3C1.1, by among other things, escaping from custody and fleeing the jurisdiction of Court.

[5] Chapter 5, Part A, application note 2 provides: "In rare cases, a total offense level of … more than 43 may result for application of the guidelines. … An offense level of more than 43 is to be treated as an offense level of 43."

sentence"), with a statutory maximum sentence of fifteen years' imprisonment, Defendant's advisory guideline sentencing range is fifteen years' imprisonment [PSR ¶ 143].

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. Offense Conduct

#### 1. *The Scheme to Defraud*

As detailed in the PSR, and as stipulated to by Defendant, beginning in or around October 2004, and continuing through at least as early as May 2011, Defendant, together with former Social Security administrative law judge David Black Daugherty ("Daugherty"), former Kentucky licensed psychologist Alfred Bradley Adkins ("Adkins"), and others engaged in a scheme to defraud the Social Security Administration ("SSA") of more than approximately $550 million in disability benefits. Specifically, during the course of the scheme, Defendant, in representing individuals seeking disability benefits ("Claimants"), submitted fraudulent medical evidence, signed by Adkins and other medical professionals, to the SSA, almost always to Daugherty, in support of disability determinations. Daugherty (in addition to other administrative law judges), upon receiving the falsified medical evidence from Defendant, awarded disability benefits to Claimants represented by Defendant consequently causing the SSA not only to pay disability benefits to these Claimants, but also to pay Defendant attorney's fees specifically tied to these cases. Defendant, in turn, paid Daugherty cash gratuities for awarding disability benefits to his Claimants.

For his part, Defendant orchestrated the above-described, approximate seven-year scheme by not only creating and directing others to create fraudulent medical documents, paying medical professionals to sign fraudulent medical documents, and ultimately directing more than 1700 fraudulent medical documents to be submitted to the SSA in support of disability determinations, but also by personally paying monthly gratuities to Daugherty, totaling more than $609,000, for awarding disability benefits to Claimants predicated on the fraudulent medical documents. As a result of Defendant's scheme, the SSA was obligated to pay more than $550,000,000 in disability benefits to more than 1700 Claimants, of which more than $73,000,000 was actually paid, and further caused the SSA to pay more than $5 million to Defendant in related attorney's fees.

2.   *Obstruction and Retaliation against an Informant*

After meeting with federal investigators in May 2011 at his law office in Stanville, Kentucky regarding whether Defendant had an illicit relationship with Daugherty and whether Claimants had received disability benefits fraudulently, Defendant not only destroyed a desktop computer and records at his law office identifying and further scoping his illicit association with Daugherty, but also, from in around June 2011, and continuing through February 2012, conspired with former SSA Chief ALJ Charlie Paul Andrus to retaliate against SSA Employee A for cooperating with federal authorities in the investigation of the scheme to defraud the SSA. As stipulated to by Defendant, Defendant sent employees from his law firm to conduct surveillance of SSA Employee A's residence in an effort to observe and record her violating SSA's work from home policy; and when

5

that effort failed, Defendant directed others to fabricate evidence to make it appear as though SSA Employee A violated the policy and forward the same to SSA in an effort to have SSA Employee A terminated and discredited.

After years of investigating the offense conduct, in April 2016, Defendant, together with Daugherty and Adkins, was indicted in an eighteen-count indictment, in case 5:16-CR-22-DCR, with felony violations including conspiracy to commit mail fraud and wire fraud, as well as conspiracy to retaliate against an informant ("April 2016 Indictment"). Upon the April 2016 Indictment being returned by the grand jury, the Court issued a warrant for Defendant's arrest. Defendant was ultimately arrested and released on bond, pending trial, with special conditions including active electronic monitoring and home confinement.

     3.    *Obstruction and Escape*

Upon negotiating with the United States and entering into a plea agreement, in March 2017, Defendant pleaded guilty to a two-count information, in case 5:17-CR-43-DCR ("March 2017 Information"). While awaiting sentencing on the March 2017 Information,[6] Defendant conspired with his former employee, Curtis Lee Wyatt ("Wyatt"), to escape from custody by, among other things, directing Wyatt to procure an escape vehicle and assess pedestrian border crossings into Mexico. On June 2, 2017, Defendant

---

[6] Defendant pleaded guilty on March 24, 2017 to a two-count information charging him with theft of government money, a violation of Title 18, United States Code, Section 641, and paying illegal gratuities, a violation of Title 18, United States Code, Section 201(c). At the time Defendant entered his pleas of guilty, the Court scheduled Defendant's sentencing for July 14, 2017.

severed the monitoring device from his ankle and fled home confinement in the vehicle procured by Wyatt. At that time, the Court issued an arrest warrant for Defendant.

Despite receiving notice of his sentencing date at the time he entered his guilty pleas, on July 14, 2017, Defendant failed to appear for sentencing on the March 2017 Information. Nevertheless, the Court sentenced Defendant, *in absentia*, to twelve years' incarceration, the maximum possible sentence under the information, and again issued a warrant for Defendant's arrest for failing to appear. Because Defendant had violated the terms of his plea agreement with the United States by, among other things, failing to appear at sentencing and failing to cooperate in the prosecution of others, the United States did not move the Court to dismiss the April 2016 Indictment; the April 2016 Indictment remains pending, including the count charging conspiracy to retaliate against an informant.

After Defendant's escape, in September 2017, Defendant, together with Wyatt, was indicted in a seven-count indictment, with an assortment of felony offenses, including conspiracy to escape custody and conspiracy to fail to appear ("September 2017 Indictment"). In October 2017, Wyatt made his initial appearance and the September 2017 Indictment was unsealed. Shortly after the unsealing of the September 2017 Indictment, Defendant, while at-large, began counseling Wyatt to flee the jurisdiction of the Court, via email. *See* Attachment A. Approximately six months after Defendant fled the United States, Defendant was located in Honduras, arrested by Honduran authorities, and returned to the United States.

Upon being returned to the United States and receiving Court-appointed counsel, Defendant negotiated with the United States a plea agreement calling for the filing of and pleas of guilty to the June 2018 Information, and the recommendation that Counts 1 through 3 be run consecutively to one another, and consecutive to the twelve years' imprisonment imposed on the March 2017 Information.[7]

### III. OBJECTION & ACCEPTANCE OF RESPONSIBILITY

Despite his actions as detailed above, Defendant objects to not being assessed with a three-level reduction for acceptance of responsibility, pursuant to §3E1.1. Specifically, Defendant argues that he timely pleaded guilty (to the June 2018 Information), saved the United States the necessity of preparing for trial, committed no misconduct since pleading guilty (to the June 2018 Information) on June 4, 2018, and in citing to §3E1.1, application note 1(A), further argues that Defendant truthfully admitted the conduct comprising the offenses of conviction and relevant conduct [ECF No. 10].

Acceptance of responsibility is set forth in Section 3E1.1 of the guidelines, which provides:

---

[7] Section 5G1.2(d) provides, in part, "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. …" Instantly, Defendant's total punishment is fifteen years. *See e.g., United States v. Herrick*, 512 F. App'x, 534, 539 (6th Cir. 2013) ("Sentencing Guideline §5G1.2(d) permits the court to impose consecutive sentences where the statutory maximum is less than the total punishment …."). Moreover, courts are permitted to run sentences consecutively to prior sentences to achieve a reasonable sentence. *See e.g., United States v. Maxie*, 647 F. App'x 551, 553 (6th Cir. 2016) ("When a defendant is subject to an undischarged sentence, the district court has the discretion to impose a sentence for the current offense that runs concurrently with or consecutively to the prior undischarged sentence." (citing 18 U.S.C. § 3584(a))).

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, **and upon motion of the government** stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. §3E1.1 (2016) (emphasis added). At the outset, it should be noted that under the terms of Defendant's plea agreement, the United States did not agree that Defendant should receive an acceptance of responsibility reduction [ECF No. 7]. Moreover, the United States does not intend to move for the additional one-level reduction set forth in Section 3E1.1(b), thus, Defendant is essentially asking the Court to assess him the two-level reduction set forth in Section 3E1.1(a).

While it is true that Defendant, since being apprehended and returned from Honduras to the United States in December 2017: Has pleaded guilty to the June 2018 Information; did save the United States the necessity of preparing for and proceeding to trial on the charges in the June 2018 Information; and did admit his conduct comprising the offenses of conviction, Defendant nevertheless obstructed the investigation and prosecution of the offense conduct, as originally charged in indictments 5:16-CR-22-DCR and 5:17-CR-102-DCR, and thus his actions militate against a decrease in his offense level for his purported acceptance of responsibility.

Pursuant to Section 3E1.1, application note 4, "[c]onduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."  Moreover, application note 1, provides that appropriate considerations for acceptance of responsibility include: "(B) voluntary termination or withdrawal from criminal conduct or associations;" and "(D) voluntary surrender to authorities promptly after commission of the offense," among others.

As detailed above, in June 2018, Defendant pleaded guilty to conspiracy to defraud the United States (Count 1), a conspiracy spanning from 2004 through 2011. After committing the offense conduct, and prior to the April 2016 Indictment being returned, Defendant destroyed records related to Daugherty, which he knew were the subject of a federal investigation, and further conspired to and did, in fact, retaliate against an informant. After being charged in the April 2016 Indictment with offenses related to the scheme to defraud the United States (namely, conspiracy to commit mail fraud and wire fraud) as well as conspiracy to retaliate against an informant, and upon pleading guilty to the March 2017 Information, Defendant, did not withdraw from criminal conduct, but again conspired with Wyatt to escape from custody, and in fact, escaped from custody. Defendant ultimately fled to Mexico, crossed the border illegally, and failed to appear for sentencing. Finally, after fleeing the United States, and upon the September 2017 Indictment being filed, Defendant again obstructed justice by counseling Wyatt to flee the United States and join him abroad.

In sum, at no time, until Defendant's apprehension in December 2017 in Honduras, did Defendant accept responsibility for his actions. In fact, for more than six years, Defendant obstructed the investigation and prosecution of the offenses set forth in the April 2016 Indictment, as well as obstructed the offenses set forth in the March 2017 Information and the September 2017 Indictment. Although Defendant ultimately pleaded guilty in June 2018, obviating the need for trial, and fully admitting the offense conduct in the process, Defendant did not accept responsibility, as contemplated by Section 3E1.1, and, accordingly, the Court should deny him the two-level reduction he now seeks.

### IV.   CONCLUSION

Based on the foregoing, the United States submits that the amended PSR as prepared by the United States Probation Office correctly calculates Defendant's advisory guideline sentencing range, and appropriately excludes a two-level reduction for acceptance of responsibility. As agreed to by the United States and Defendant, given the scope and circumstances of Defendant's offense conduct, the United States respectfully requests that Defendant be sentenced to a term of fifteen years' imprisonment on the instant information, and that the term of imprisonment imposed be run consecutively to the twelve year term of imprisonment imposed in case 5:17-CR-43-DCR.

        Respectfully Submitted,

        s/ Dustin M. Davis
        Dustin M. Davis
        Trial Attorney
        United States Department of Justice

Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
202-355-5643
dustin.davis@usdoj.gov


Ann Marie Blaylock
Rebecca A. Caruso
Trial Attorneys
United States Department of Justice
Criminal Division, Money Laundering
   and Asset Recovery Section
1400 New York Avenue, NW
Washington, DC 20005
202-514-1263

<u>CERTIFICATE OF SERVICE</u>

On August 29, 2018, I filed this document with the Clerk of the Court using the CM/ECF system which will send notice of the filing to counsel of record.

<u>s/ Dustin M. Davis</u>
Dustin M. Davis
Trial Attorney