UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 18-059-DCR |
| V. | ) ) | |
| ERIC CHRISTOPHER CONN, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Eric Conn was indicted in April 2016 on numerous charges arising from his involvement in a scheme to defraud the Social Security Administration. [*See* Lexington Criminal Action No. 5: 16-022-DCR.] In March 2017, he agreed to plead guilty to an information charging one count of theft of government money and one count of paying illegal gratuities, with the understanding that the charges in Lexington Criminal Action No. 5: 16-022-DCR would be dismissed. [Lexington Criminal Action No. 17-043-DCR] However, while on release prior to sentencing in June 2017, Conn removed his electronic monitoring device and fled to Honduras. He was later sentenced in absentia in Lexington Criminal Action No. 17-043-DCR. And Conn was subsequently indicted on charges of escape and failure to appear in court. [Lexington Criminal Action No. 5: 17-104-DCR]

Following his apprehension, Conn pleaded guilty to an information based on the fraudulent scheme and his escape. [Lexington Criminal Action No. 5: 18-059-DCR] The counts contained in Lexington Criminal Action No. 5: 16-022-DCR and Lexington Criminal

Action No. 5: 17-104-DCR were dismissed upon entry of judgment in Lexington Criminal Action No. 5: 18-059-DCR on September 13, 2018.

Conn did not take a direct appeal. Instead, in February 2019, he filed a motion for various transcripts, ostensibly to be used in preparation of a motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 20] The Court denied the request for transcripts and Conn appealed that decision. However, Conn later filed a motion to voluntarily dismiss the appeal because he had obtained the materials sought "through an independent effort." The United States Court of Appeals for the Sixth Circuit granted Conn's motion to dismiss on September 18, 2019.

Conn has now filed a motion for an extension of time within which to file a motion for habeas corpus relief under 28 U.S.C.§ 2255. The one-year limitations period begins to run when the judgment of conviction becomes final. § 2255(f)(1). In this case, the Judgment became final on September 27, 2018, when Conn's deadline for filing an appeal expired. *See* Fed. R. App. P. 4(b)(1). Accordingly, the period for filing a motion under § 2255 expired on September 27, 2019. Conn's present motion includes a "certificate of service and affirmation" in which Conn affirms under penalty of perjury that the motion was mailed to the Court on September 25, 2019.

Conn has attached a § 2255 motion asserting a single ineffective-assistance-of-counsel claim and suggesting that his first attorney, Scott White, had a conflict of interest during plea negotiations and sentencing. Rule 2(b) of the Rules Governing Section 2255 Proceedings provides that the motion must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." Conn's § 2255 motion does not state any facts

or present any arguments to which the government could respond or the Court could attempt to resolve.

Conn apparently requests an extension of time in which to file a memorandum in support of his § 2255 motion. [Record No. 35, p. 2] However, the Rules Governing Section 2255 Proceedings do not contemplate a memorandum in support. Although courts routinely allow them, the Rules presume that movants will include *all* required information within the motion itself. Accordingly, Conn's request amounts to this: let his deficient, yet timely § 2255 motion act as a placeholder for an improved version he plans to file in the future.

Conn acknowledges that the deadline for filing a § 2255 motion has passed. He suggests, however, that equitable tolling be applied to allow him to supplement his motion with a memorandum. This doctrine must be applied sparingly and the burden is on the defendant to prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Conn has not satisfied either of these requirements. First, it does not appear that Conn has been pursuing his rights diligently. While Conn did appeal the denial of his motion for discovery, this Court explained to Conn that a motion for discovery will not be entertained prior to the filing of a motion under § 2255. [Record No. 24] It is unclear why Conn could not file his § 2255 motion without the materials sought (which he has now apparently obtained on his own). Unlike a typical civil litigant, a habeas petitioner is not entitled to conduct discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). This being the case, it stands to reason that a petitioner cannot invoke equitable tolling simply by conducting his own discovery and then filing the § 2255 whenever he is ready.

Next, Conn does not establish that extraordinary circumstances stood in the way of his filing a timely § 2255 motion. While he has provided a document indicating that his institution was on lockdown on September 18, 2019, there is no suggestion that this one day out of the year affected his ability to file a proper motion. [Record No. 35-2] And to the extent Conn claims that he was confused about the filing deadline because he was a defendant in four different criminal cases, the Court is not persuaded. Two of the other cases were dismissed upon the United States' motion and, therefore, judgments were not entered in those cases. While Conn is proceeding *pro se*, he was a practicing attorney for many years and has a greater understanding of these matters than a typical *pro se* prisoner.

Based on the foregoing, it is hereby

**ORDERED** that Defendant Conn's motion for an extension of time [Record No. 35] is **DENIED**.

Dated: October 2, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky